# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JOANN S. TOLSON | § | |
| | § | |
| VS. | § | NO. A-18-CV-1025-RP |
| | § | |
| HYATT CORPORATION and GREAT | § | |
| AMERICAN LIFE INSURANCE, CO. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ROBERT PITMAN
         UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Full and Final Motion for Summary Judgment (Dkt. No. 21); Plaintiff's Response (Dkt. No. 29); and Defendant's Reply (Dkt. No. 30). The District Court referred these Motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. BACKGROUND

This is a personal injury slip and fall case. Plaintiff JoAnn Tolson alleges that on September 7, 2018 (at the age of 94 at the time of the fall), she tripped on a broken tile while exiting the Driskill Hotel in Austin, Texas, and sustained serious injuries. Tolson brought the suit in state court, naming as defendants not only Hyatt, but also LH Brazos Holding, LP, the Great American Life Insurance, Co., and Rottet Studio, LLC. While the suit was still in state court, Tolson non-suited her claims against the Rottet Studio, and shortly after the case was removed to this Court, she voluntarily dismissed her claims against LH Brazos. Dkt. Nos. 1-3 at 31; 16 and 17. Great American Life has not been served at this point.

In the motion before the Court, Hyatt seeks summary judgment on three grounds: (1) Tolson cannot bring a claim of negligence when she has pled a premises liability claim; (2) Tolson's

premises liability claim fails because the video evidence of the incident shows without question that Tolson did not trip on a tile as she claims; and (3) because she cannot demonstrate either a premises liability or negligence claim, Tolson cannot make out a claim for gross negligence. Tolson responds that genuine issues of material fact exist and that she in fact tripped on the broken tile. Tolson supports her contentions with deposition testimony from herself and her daughter.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Salazar-Limon v. City of Houston*, 826 F.3d 272, 274-75 (5th Cir. 2016).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Anderson*, 477 U.S. at 248.

## III. ANALYSIS

### A. Negligence Claim

Hyatt asserts that as a matter of law Tolson cannot make out a neglience claim under Texas law, because she is pleading facts that would only support a premises liability claim. Negligence and premises liability claims "involve closely related but distinct duty analyses." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). A person injured on another's property may have either claim against the property owner. *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.* The distinction is that negligent activity "encompasses a malfeasance theory based on affirmative, contemporaneous conduct" by the property owner, while premises liability "encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *United Scaffolding*, 537 S.W.3d 463, 471 (Tex. 2017) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)).

Tolson pleads that a cracked floor tile caused her to fall. Dkt. No. 18 at ¶¶ 5 and 7; Dkt. No. 21-1 at 4. Tolson alleges that Hyatt owed her a duty of care as a business invitee, and failed to repair or warn her about the broken floor tile, thereby causing her accident. This is not a theory based on affirmative, contemporaneous conduct by Hyatt. *United Scaffolding*, 537 S.W.3d at 471. Rather, it is a nonfeasance theory, as it is founded on the claim that Hyatt failed to take measures to make its hotel safe. *Id.* The claim is therefore based on premises liability, not negligent conduct. As a result, Tolson's negligence claim must be dismissed. *See Manna v. Ross Dress for Less, Inc.,* 2019 WL 4087376 at *2 (W.D. Tex. July 12, 2019); *Charles Plata v. Chipotle Mexican Grill, Inc.*, 2016 WL 126420 at *1 (S.D. Tex. Jan. 12, 2016); *Robles v. Ross Stores, Inc.*, 2017 WL 2306527 at *2 (N.D.

Tex. May 26, 2017); *Garcia v. Ross Stores*, Inc., 896 F. Supp. 2d 575, 579 (S.D. Tex. 2012); *Austin v. Jo-Ann Stores, LLC*, 2019 WL 2075827 at *1 (N.D. Tex. May 9, 2019).

**B.     Premises Liability Claim**

To prevail on a premises liability claim a plaintiff must show: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 601 (2006). Hyatt's motion for summary judgment on this claim focuses on the causation element. Hyatt argues that a video of Tolson's fall clearly demonstrates that the broken tile was not the cause of the fall, as it shows that she did not step on, or even near, the cracked tile before her fall. Supplementing the video, Hyatt also submits a photograph of the tile in question, and a declaration authenticating the video. Dkt. No. 21-1, Ex. C, and C-1. The video shows Tolson, wearing a long dress, walking slowly carrying a styrofoam cup, as she traverses the area in question. The location of the broken tile is clearly visible in the video, and Tolson walks past and some distance from the tile. She never steps on the tile, nor does she trip on it. Instead, from the video it appears that after passing the area with the broken tile, and at the top of the stairs, Tolson slowly loses her balance toward her left, fails to recover and falls to her left and down the stairs.

In response, Tolson submits her deposition testimony and that of her daughter, both asserting that Tolson's foot got caught on a broken tile. The relevant testimony from the Plaintiff was:

Q. Okay. And so I'm just – because it's sort of a big patio, and so I'm just trying to figure out as best as I can, how is it you're certain you tripped on that cracked tile as opposed to something else, maybe just tripping over your foot or tripping over furniture or losing the strength in your leg or something like that?

A. Well, there wasn't anything else there except that.

| | | |
|---|---|---|
| Q. | Okay. Did you actually see your foot get caught on it? | |
| A. | No. | |
| Q. | Okay. Do you know if anybody was with you who saw you trip on that crack? | |
| A. | No. I can't – I could make up somebody. | |
| Q. | No, don't do that. Okay. So how is it – so you believe – | |
| A. | Well, because when I fell, they went to look and see what caused me to fall. | |
| Q. | Okay. | |
| A. | I'm not in the habit of walking around and falling down. At least I wasn't. | |
| Q. | Sure. And so – | |
| A. | They discovered that and they said, well, here's where you fell, Mother, right here on this. | |
| Q. | Okay. I understand. So you believe you fell – that crack caused you to fall based upon – | |
| A. | Yes. | |
| Q. | – people who investigated for you? | |
| A. | Yes. | |
| Q. | Okay. And who would those people be who investigated that for you? | |
| A. | My daughter. | |
| Q. | Okay. | |
| A. | It was the logical conclusion. | |

Dkt. No. 29-1 at 23-24. The Plaintiff's daughter, Jan Tolson, added the following regarding her view of the cause of the fall:

> Q: Okay. And I don't ask this in a doubtful way, in the most respectful manner, just so I understand. How is it you're certain that crack caused her – your mom to fall?

A. Because the first thing she said to me was, My foot got caught.

MS. JONES: Her shoe.

A. My shoe got caught.

MS. JONES: And her shoe fell off.

A. Yeah. And so we have – that's the very first thing, I said, Mother, what happened? Because I saw her walking, and then all of a sudden it was almost like, there she was falling. So I went running up to her, and I said, Mother, What in the world happened? And she said, My shoe got caught. And then if you look at the picture there, she has no shoe on that foot.

Q. Okay. And so at that point, that's when you looked around to see if there was –

A. We were trying to figure out how she fell.

Q. Okay. And that was the only thing you could find that she may have gotten caught on. Is that correct?

A. That was the only thing I saw.

Dkt. No. 29-2 at 24-25.[1] To summarize, the Plaintiff's evidence is that her recollection of the fall was that she tripped on something, and, accepting as true that the Plaintiff did trip on something, the Plaintiff's daughter inspected the vicinity of the fall, discovered the cracked tile, and assumed that the tile was the cause of the fall.

If there were no video evidence, this testimony might be enough to get a plaintiff to trial. But there is a video of the fall, and it conclusively disproves the Plaintiff's theory that the cracked tile caused her fall. The Plaintiff never steps on the tile; indeed, when she first loses her balance she is several feet from it. The Supreme Court has held that video evidence is appropriate evidence on which to grant summary judgment. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed

---

[1] Ms. Jones, who is one of the Plaintiff's three daughters, was attending the deposition, but was not being questioned.

him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). The Court finds that, based on the video evidence, no reasonable juror could find that Tolson tripped on or fell because of the broken tile. Hyatt is entitled to summary judgment on this claim.

**C.     Gross Negligence**

Lastly, Hyatt asserts that because Tolson's claim based on premises liability or negligence fails, her claim for gross negligence also necessarily fails. Tolson does not respond to this argument. Because Tolson has failed to plausibly allege any type of negligence, including a premises liability claim, her gross negligence claim fails as a matter of law. *See Dekelaita v. BP Amoco Chem. Co.*, 2008 WL 2964376, at *15 (S.D. Tex. July 30, 2008) (collecting cases) ("a finding of ordinary negligence is a prerequisite to a finding of gross negligence."). Hyatt is therefore entitled to summary judgment on this claim as well.

## IV.  RECOMMENDATION

The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Full and Final Motion for Summary Judgment (Dkt. No. 21) and **DISMISS** all of Tolson's claims against Hyatt Corporation **WITH PREJUDICE**.[2] **IT IS FURTHER ORDERED** that this case is **REMOVED** from the docket of the undersigned and **RETURNED** to the docket of the Honorable Robert Pitman.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

---

[2]Other than its name being listed in the caption and in the "Parties" section of the First Amended Complaint, there is no claim made again Great American Life Insurance Company here. Further, Tolson has still not served Great American, and the deadline for service expired over nine months ago. FED. R. CIV. P. 4(m). The district court may therefore wish to consider dismissing the claims against Great American Life for failure to serve or prosecute the case.

7

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of December, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE